IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRICK P. JORDAN, #307484,

                  Plaintiff,

      v.

Sgt. LAVERNE PRICE (Correctional Officer,
CVCTF), PAM WALLACE (Warden, CVCTF),
KARI IVES (Social Worker, ERP, CVCTF),
BERLYE MIDDLETON (Program Director, CVCTF),
KENNETH SNART, (Program Director, CVCTF)
MS. HOLZMANN (Librarian, CVCTF),

                  Defendants.

ORDER

08-cv-757-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff Darrick Jordan has asserted three constitutional claims involving different incidents and different sets of defendants. In an order entered January 8, 2009, I concluded that plaintiff's three claims could not proceed in the same lawsuit under George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) and Fed. R. Civ. P. 20. I advised plaintiff that he would have to choose which of the separate claims he wanted to pursue in this case and that if he wanted to pursue any of the other claims he would have to pay separate filing fees for each one. The three claims are as follows:

•    Lawsuit #1 involves plaintiff's claim that defendant Laverne Price struck him on the head while he was asleep and that defendants Pam Wallace and other

"unnamed individuals" interfered with his ability to file a grievance about defendant Price's behavior.

•   Lawsuit #2 involves plaintiff's claim that defendants Wallace, Karl Ives, Berlye Middleton and Kenneth Snart took plaintiff out of an earned release program in retaliation for his refusing to dismiss an appeal he had pending.

•   Lawsuit #3 involves plaintiff's claim that defendants Wallace and Holzmann failed to provide him with adequate legal materials and time to prepare materials in a civil suit he was litigating.

On January 23, 2009, plaintiff responded to the order. In his response, plaintiff states that he will apply to Lawsuit #1 the $350 filing fee he already has paid. In addition, plaintiff states that he wishes to pursue Lawsuit ## 2 and 3, but that they should be allowed to proceed as one case instead of two. Plaintiff does not explain why he believes I erred in severing his claims as I did and I am unaware of any arguments that could be made. Therefore, I will sever Lawsuits ##2 and 3 pursuant to Rule 20 and assign them case nos. 09-cv-063-bbc and 09-cv-064-bbc, respectively.

Next, plaintiff asks to proceed in forma pauperis in the two new cases and notes that he will need a 30-day extension to "obtain the proper filing paperwork" because he is no longer incarcerated. Plaintiff appears to understand that to support his requests for leave to proceed in forma pauperis in the severed actions, in each case he will have to submit an affidavit of indigency and a certified copy of his trust fund account for the six-month period

immediately preceding the filing of his original complaint on December 30, 2008.  Now that plaintiff has moved from the Stanley Correctional Institution, he will have to write that institution to receive a certified copy of his trust fund account.  To account for this, plaintiff may have until February 23, 2009 in which to file in each of the new cases an affidavit of indigency and certified copy of his trust fund account statement for the period beginning approximately June 29, 2008 and ending approximately December 29, 2009.  If plaintiff submits the necessary documents, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his severed claims under 28 U.S.C. § 1915(e)(2).  If he fails to file the affidavit and statement by February 23, 2009, I will assume that he wishes to withdraw those actions voluntarily and will dismiss the actions without prejudice to plaintiff's filing them at a later date.

ORDER

IT IS ORDERED that plaintiff Darrick P. Jordan's claims are SEVERED into three actions that will be heard in federal court as follows:

In this case (case no. 08-cv-757-bbc) plaintiff may prosecute his claims that defendant Laverne Price struck him on the head while he was asleep and that defendants Pam Wallace and other "unnamed individuals" interfered with his ability to file a grievance about defendant Price's behavior.  The remaining defendants are DISMISSED from this action.

In case no. 09-cv-063-bbc plaintiff may prosecute his claim that defendants Wallace, Karl Ives, Berlye Middleton and Kenneth Snart were involved in an incident in which prison officials took plaintiff out of an earned release program in retaliation for his refusing to dismiss an appeal he had pending.  The remaining defendants are DISMISSED from that action.

In case no. 09-cv-064-bbc, plaintiff may prosecute his claim that defendants Wallace and Holzmann failed to provide him with adequate legal materials and time to prepare materials in a civil suit he was litigating.  The remaining defendants are DISMISSED from that action.

FURTHER IT IS ORDERED that, in each of cases nos. 09-cv-063-bbc and 09-cv-064-bbc, plaintiff may have until February 23, 2009 in which to submit an affidavit of indigency and a certified copy of his trust fund account statement for the period beginning approximately June 29, 2008 and ending approximately December 29, 2008.  If, by February 23, 2009, plaintiff fails to respond to this order, I will assume that he wishes to withdraw the severed actions voluntarily.  In that event, the clerk of court is directed to close those

files without prejudice to plaintiff's filing his severed cases at a later date.

Entered this 2nd day of February, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

5